# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40759
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOAQUIN HERNANDEZ-VASQUEZ, also known as Joaquin Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-169-ALL

Before REAVLEY, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joaquin Hernandez-Vasquez appeals the sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. The sentence was within a properly calculated advisory guidelines range that was increased by a prior conviction for a crime of violence (COV).

Hernandez-Vasquez contends that his sentence is procedurally unreasonable because the district court did not give a sufficient explanation for the sentence. Because Hernandez-Vasquez did not object to the explanation at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing, we review this contention for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008). The district court explained that the sentence was based on the factors of 18 U.S.C. § 3553(a), independently and as embodied in the Guidelines; additional elaboration was unnecessary. See id.; see also Rita v. United States, 127 S. Ct. 2456, 2463-65, 2468 (2007); United State v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). There was no clear or obvious error that affected Vasquez's substantial rights or rendered the sentence procedurally unreasonable. See United States v. Campos-Maldonado, __F.3d__, 2008 WL 2357364, *2 (5th Cir. June 11, 2008).

Hernandez-Vasquez also contends that Gall v. United States, 128 S. Ct. 586, 596 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), which issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a nonguidelines sentence. He argues, therefore, that the sentencing court labored under a misconception that it could not sentence Vasquez below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy or based on disfavored guidelines factors such as hardship to Vasquez's children.

Because this theory was not argued in the district court, we review for plain error. See Campos-Maldonado, 2008 WL 2357364 at *2 ; United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, __S. Ct.__, 2008 WL 227315, (June 23, 2008) (No. 07-8978). Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Hernandez-Vasquez's arguments for a nonguidelines sentence. Accordingly, there was no plain error. See Campos-Maldonado, 2008 WL 2357364 at *2.

Hernandez-Vasquez also contends that his sentence is substantively unreasonable because there is no empirical support for U.S.S.G. § 2L1.2, the Guideline mandating the COV increase. He did not challenge the empirical grounds for § 2L1.2 in the district court, so his contention is reviewed for plain

error.  See Campos-Maldonado, 2008 WL 2357364 at *2.  Nothing in the record suggests that the district court believed that it was precluded by circuit precedent from imposing a lesser sentence in the face of § 2L1.2.  Moreover, pre-Gall precedent did not prevent a district court from giving a lower sentence than advised by § 2L1.2.  See id.; United States v. Gomez-Herrera, 523 F.3d 554, 557 n. 1 (5th Cir. 2008), petition for cert. filed (July 2, 2008)(No. 08-5226).

Hernandez-Vasquez shows no plain error.  The district court's judgment is AFFIRMED.